IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-64,505-01






EX PARTE JOEY DON RUCINSKI, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NUMBER 052728 IN THE 336TH JUDICIAL DISTRICT COURT

GRAYSON COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of robbery, and punishment was assessed at fifteen
(15) years' confinement. No direct appeal was taken.

 Applicant contends that the State has broken the plea agreement or that his plea was
involuntary, because he was told that his sentence in this case would run concurrent with
charges in Oklahoma.

 The trial court has entered findings of fact or conclusions of law finding that the plea
agreement in this case, as set out in the plea paperwork, was that all of the applicant's cases
in Grayson County would run concurrently, but that no mention was made of what would
happen with the Oklahoma cases. However, we do not believe that those factual findings are
supported by the record. Because Applicant has stated facts requiring resolution and because
this Court does not hear evidence, it is necessary for the matter to be remanded to the trial
court for resolution of this issue. The trial court shall resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from counsel and from the appropriate officials of the Texas Department of
Criminal Justice, Correctional Institutions Division, or it may order a hearing. In the
appropriate case the trial court may rely on its personal recollection.

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 The trial court shall then make findings of fact as to the parties' intentions and
understandings of the language included in the judgment, "credit for all time served on all
Texas and Oklahoma convictions." The trial court shall also make a finding as to whether
Applicant reasonably could have inferred, as a term of the plea agreement, that the sentences
for his Texas and Oklahoma convictions would run concurrently. The trial court shall then
make a finding as to whether Applicant will actually receive credit for the time served on this
sentence, for example, as the result of detainers or holds. The trial court shall also make any
further findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 10TH DAY OF MAY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.